NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3389
_____

DWAYNE T. DIXON,
                            *Appellant*

v.

SECRETARY UNITED STATES
DEPARTMENT OF VETERANS AFFAIRS

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-03756)

District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2015

Before:  FUENTES, GREENAWAY, JR., and SLOVITER, *Circuit Judges*.

(Opinion filed: June 15, 2015)

_____

OPINION*
_____

SLOVITER, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Dwayne Dixon brought a claim of constructive discharge against the Department of Veterans Affairs (the "VA") under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16 ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), claiming race and age discrimination. Under Title VII and ADEA, a party complaining of adverse employment action must initiate contact with an Equal Employment Opportunity ("EEO") counselor within 45 days of the effective date of the personnel action or face dismissal by the agency. 29 C.F.R. §§ 1614.105(a)(1), 1614.107(a)(2). Dixon concedes that he missed the 45-day deadline, but argues that the timeframe should be equitably tolled. The District Court rejected this argument at summary judgment. We will affirm.

I

Dixon is an African American male over the age of 40. He began working for the VA on March 19, 2007. Sometime in 2010, Dixon missed four days of work in a six month period because of periodontal (gum) disease and was disciplined. He complained to the Equal Employment Officer about the discipline, but claims nothing was done. On January 7, 2011, Dixon resigned from his position; he claims he was "constructively discharged . . . because of his race and age." App. at 31. He also was diagnosed as having a major depressive disorder which he states was related to race and age discrimination and the hostile work environment at the VA.

Dixon did not contact an EEO counselor until November 25, 2011—over ten months after his resignation—and did not file his discrimination complaint with the VA until March 5, 2012. Dixon claims the reason he did not initiate contact earlier was

2

because he was in "ill health, treating for various issues, to include major depressive disorder." App. at 42. Despite these alleged health issues, Dixon was able to file a claim for unemployment compensation on January 9, 2011—two days after his resignation—and appeared before the Unemployment Compensation Board of Review for a hearing on March 9, 2011.

The VA dismissed Dixon's claims as untimely, stating, "As [Dixon] was able to pursue his unemployment case, we believe he could have pursued the EEO process in a timely manner. Therefore, we have determined his explanation insufficient to waive the timelines." App. at 43. The District Court granted summary judgment for the VA for the same reason. Dixon also claimed that another reason he did not timely initiate contact with an EEO counselor was that he feared violence from his former coworkers. The District Court rejected this argument, stating that Dixon "fail[ed] to explain how, once he no longer worked for the VA, such threats could act as a deterrent, especially as the nature of threats as described by [Dixon] related only to his work." App. at 8. The District Court also noted, "Although [Dixon] alleged in his EEO Complaint that '[he] was threatened with physical violence by VA employees who were connected to upper management,' he did not offer any evidence that the alleged threats extended to the period after his constructive discharge." *Id.*

II

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*, 10 F.3d 144, 146

3

(3d Cir. 1993).  Equitable tolling may be invoked "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994).  Only the second basis could arguably apply in this case.  However, we agree with the District Court that Dixon's ability to pursue his claim for unemployment compensation negates any argument that his health problems prevented him from timely contacting an EEO counselor about his race and age discrimination claims.  We also agree that Dixon's claimed fear of physical violence does not seem to have prevented Dixon "in some extraordinary way" from initiating EEO contact.  Therefore, we will affirm the District Court's order granting summary judgment for the Appellee.